BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: JANUARY 2021 SHORT      MDL No. 2989
SQUEEZE TRADING LITIGATION

*Taylor Thompson v. Robinhood Financial LLC*,
C.D. California, 2:21-cv-02230-VAP-MRW

BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 1 (CTO-1) AS TO *THOMPSON*

Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Taylor Thompson ("Plaintiff") in *Taylor Thompson v. Robinhood Financial LLC* ("*Thompson*"), C.D. California Case No. 2:21-cv-02230-VAP-MRW, moves this Panel for an order to vacate Conditional Transfer Order No. 1 ("CTO-1") as to *Thompson*. This California consumer class action between two California parties seeking redress for Defendant Robinhood Financial LLC's ("Robinhood") misrepresentations regarding the opening of accounts on, and use of, the Robinhood platform is not appropriate for transfer to the Southern District of Florida into *In re January 2021 Short Squeeze Trading Litigation*, MDL No. 2989, because:

- There is no basis for federal subject matter jurisdiction over *Thompson*; and

- Plaintiff's fully-briefed motion to remand, currently pending before the Honorable Virginia A. Phillips of the Central District of California, has been taken off calendar on the court's own motion, the court has taken the matter under submission, and a ruling will issue soon.

Given the lack of federal jurisdiction over this action and the posture of Plaintiff's motion to remand, transfer of this action to the Southern District of Florida at this time would run contrary to the aims of 28 U.S.C. § 1407 as it neither serves the convenience of the parties and witnesses nor promotes judicial economy and the just and efficient conduct of *Thompson*. Transferring this action would result in a waste of judicial resources, cause the parties to incur unnecessary additional costs, and delay the adjudication of Plaintiff's claims. Accordingly, the

Panel should vacate CTO-1 to allow *Thompson* to remain in the Central District of California and permit the Honorable Virginia A. Phillips to decide the fully-briefed motion to remand presently under submission before the court.

I.      **FACTS**

On February 8, 2021, Plaintiff, a California resident, filed a simple consumer state-law class action on behalf of himself and a Class of other similarly situated California residents in Los Angeles Superior Court for the State of California against Robinhood, a corporation headquartered in Menlo Park, California. Plaintiff alleges that Robinhood made false representations to California consumers that it could perform a service (i.e., permit consumers like Plaintiff and the Class to trade freely on its platform) without disclosing that due to its onboarding of so many customers and being undercapitalized and lacking in technology, Robinhood could not perform as advertised. *See, generally*, Complaint, *Thompson*, No. 2:21-cv-02230-VAP-MRW (C.D. Cal. March 11, 2021), attached as Ex. A to Notice of Removal, ECF No. 1 ("Compl.").

Plaintiff's claims focus on Robinhood's representations to Plaintiff and members of the California Class that they could trade freely on Robinhood's platform and Robinhood's inability to perform. *See* Compl. ¶¶ 1-3, 15, 16, 19, 30. The represetations made by Robinhood were material to Plaintiff's and the Class members' decision to flock to and use the Robinhood platform over other online brokers (*see id*. ¶¶ 2, 4, 12-13) but were not material to their decision to purchase or sell securities.

> A.      **The Parties Only Await a Ruling on Plaintiff's Motion to Remand Which Has Been Fully Briefed and Was Taken Under Submission By the Central District of California.**

Despite having no basis for federal jurisdiction,[1] Robinhood improperly removed this case to the United States District Court for the Central District of California on March 11, 2021.

---

[1] Robinhood based the removal of this suit solely on federal question jurisdiction under SLUSA. Diversity jurisdiction does not apply because the parties are both California residents—Robinhood is a Delaware Corporation with its headquarters in Menlo Park, California, and Plaintiff is a Los Angeles, California resident—and the proposed Class is likewise comprised

Robinhood claimed (in error) that this case is "a covered class action based on state law and involves a covered security" under the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. §§ 77p(c) and 78bb(f)(2). *See* Notice of Removal ¶ 2, *Thompson*, No. 2:21-cv-02230-VAP-MRW (C.D. Cal. March 11, 2021), ECF No. 1.

Within a week after the removal and assignment of *Thompson* to the Honorable Virginia A. Phillips, Plaintiff filed a motion to remand his case back to California state court. *See* Motion to Remand Case to State Court, *Thompson*, No. 2:21-cv-02230-VAP-MRW (C.D. Cal. March 22, 2021), ECF No. 24. Plaintiff's motion establishes that, contrary to Robinhood's claim, SLUSA does not apply because Robinhood's alleged misrepresentations to Plaintiff and the Class in this action are not in connection with the purchase and sale of securities. *Id.*; *see also* Reply to Opposition to Motion to Remand, *Thompson*, No. 2:21-cv-02230-VAP-MRW (C.D. Cal. April 9, 2021), ECF No. 30. Since SLUSA does not apply, Robinhood cannot carry its burden to demonstrate that federal jurisdiction over this action is proper, and this case should be remanded to state court. *Id.*

The Honorable Virginia A. Phillips has taken Plaintiff's motion to remand under submission. The matter was fully briefed for the court by April 9, 2021, and on April 20, 2021, the court issued a scheduling notice and order taking the hearing on Plaintiff's motion to remand off calendar and finding that the matter was appropriate for resolution without hearing and would stand submitted on the filed papers. *See* Scheduling Notice and Order, *Thompson*, No. 2:21-cv-02230-VAP-MRW (C.D. Cal. April 20, 2021), ECF No. 34. Thus, the only thing remaining on the pending remand motion is for the court to issue its ruling.

**B.     Plaintiff Opposes Transfer and Seeks an Order to Vacate CTO-1.**

On April 2, 2021, the Panel issued CTO-1, conditionally transferring *Thompson* and fourteen other actions under 28 U.S.C. § 1407 to the Southern District of Florida into *In re January 2021 Short Squeeze Trading Litigation*, MDL No. 2989, before the Honorable Judge

---

only of California residents. Compl. ¶¶ 4, 5, 32.

3

Cecelia M. Altonaga. ECF No. 277. On April 9, 2021, pursuant to Rule 7.1(c) of the Rules of Procedure for the Panel, Plaintiff filed a Notice of Opposition to CTO-1 as to *Thompson* only. ECF No. 284. Pursuant to Rule 7.1(f) of the Rules of Procedure of the Panel and the briefing schedule entered on April 12, 2021 (ECF No. 285), Plaintiff now moves this Panel for an order vacating CTO-1.

*Thompson* belongs in California state court where it was originally filed because there is no federal jurisdiction over this action. Plaintiff's fully-briefed remand motion has been taken under submission by the Honorable Virginia A. Phillips, and the parties presently await a ruling on the motion.

Transferring *Thompson* to the Southern District of Florida for consolidation into *In re January 2021 Short Squeeze Trading Litigation*, MDL No. 2989, at this juncture is not supported by 28 U.S.C. § 1407. It does not result in "the convenience of parties and witnesses and will [not] promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Instead, transfer of this action while Plaintiff's remand motion is under submission will only result in needless inefficiencies, force the parties to bear additional entirely avoidable costs, and delay adjudication of Plaintiff's claims. For these reasons, the Panel should grant Plaintiff's instant Motion and issue an order vacating CTO-1 as to *Thompson* to permit the Honorable Virginia A. Phillips an opportunity to rule on Plaintiff's remand motion.

## II.     THE PANEL SHOULD VACATE CTO-1.

"Questions of jurisdiction, of course, should be given priority -- since if there is no jurisdiction there is no authority to sit in judgment of anything else." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778 (2000). Before a federal court may adjudicate a matter, it must have subject-matter jurisdiction over the proceeding. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

The transfer of a case pursuant to 28 U.S.C. § 1407 cannot be made unless the transferee court has subject-matter jurisdiction. *See Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000) ("Despite the pendency of multiple similar actions across the country, the Sixth Circuit has warned that a district court's first obligation is to determine whether the Court has subject matter jurisdiction because without such jurisdiction, there is not any action to transfer."); *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 175 F. Supp. 2d 593, 603 n.9 (S.D.N.Y. 2001) ("A transfer of a case pursuant to 28 U.S.C. § 1407 cannot be made unless the transferee court has subject matter jurisdiction."); *Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975) ("[T]ransfer [of cases] cannot be made unless the district court properly has jurisdiction of the subject matter of the case."). Cases such as *Thompson* should be transferred for coordinated or consolidated pretrial proceedings only when it is determined that transfer will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. *See* 28 U.S.C. § 1407(a).

The transfer of an action into the consolidated proceeding while the parties litigate the propriety of federal jurisdiction is not appropriate if the transfer would undermine efficiency. *See, e.g., In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, 2020 U.S. Dist. LEXIS 22017, at *3-4 (J.P.M.L. Feb. 5, 2020) (Panel granting motion to vacate a conditional transfer order after finding that transfer would undermine efficiency and ordering the parties to renotify the Panel if the action remains in federal court); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL No. 1720, 2016 U.S. Dist. LEXIS 150457, at *1-2 (J.P.M.L. Oct. 3, 2016) (vacating a conditional transfer order amid a jurisdictional challenge).

Transfer to the Southern District of Florida is not appropriate at this time as the threshold issue of federal jurisdiction is presently pending and under submission in the Central District of California.

/ / /

/ / /

### A. The Panel Should Not Transfer This Action Because Robinhood Cannot Establish Federal Subject Matter Jurisdiction Over *Thompson*.

The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Removal statutes are strictly construed against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

There is no federal jurisdiction over this action because Robinhood's sole basis for removal of this action, SLUSA, fails. Removal under SLUSA is not proper where, as here, a class action does not allege that the defendant made a misrepresentation that is material to an individual's decision to purchase or sell a covered security. *See Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 391 (2014) ("We note that the plaintiffs do not allege that the defendants' misrepresentations led anyone to buy or to sell (or to maintain positions in) covered securities. Under these circumstances, we conclude the [SLUSA] does not apply.").

For SLUSA to apply, the alleged misrepresentation or omission must be material to the purchase or sale of a security. *See Anderson v. Edward D. Jones & Co., L.P.*, 2021 U.S. App. LEXIS 6303, at *20 (9th Cir. Cal. March 4, 2021) ("We repeat the Supreme Court's admonition in *Troice*: '[A] connection matters where the misrepresentation makes a significant difference to someone's decision to purchase or to sell a covered security.'" (quoting *Troice*, 571 U.S. at 387)). That is not the case here. Rather, Plaintiff's claims focus on Robinhood's representations to Plaintiff and members of the Class that they could trade freely on Robinhood's platform and Robinhood's inability to perform accordingly. *See* Compl. ¶¶ 1-3, 15, 16, 19, 30. Such representations were material to Plaintiff's and the Class members' decision to flock to and use the Robinhood platform over other online brokers (*see id.* ¶¶ 2, 4, 12-13), but not material to their decision to purchase or sell securities.

Accordingly, Robinhood cannot meet its burden to establish jurisdiction, and there is no federal jurisdiction over this action. Therefore, the Panel should grant Plaintiff's Motion and vacate CTO-1 because removal of this action was improper, it is ripe for remand to the Los Angeles Superior Court, and this threshold jurisdictional question is about to be answered by the District Court where it is now pending.

> **B. The Principles of Comity and Judicial Economy Support Granting Plaintiff's Motion to Vacate CTO-1 to Allow The Honorable Virginia A. Phillips to Rule on Plaintiff's Motion to Remand, Which Has Been Taken Under Submission.**

At present, Plaintiff's motion to remand is ripe for ruling. As the parties have fully briefed the threshold jurisdictional issues and the remand motion has been taken under submission by the court, the Panel should allow Judge Phillips to rule on this matter. Transfer of this action to the Southern District of Florida at this time would only result in an inefficient waste of judicial and the parties' resources and delay adjudication of Plaintiff's claims. Therefore, the Panel should vacate CTO-1 to allow this action to remain in the Central District of California while the remand motion remains fully briefed and under submission awaiting a ruling.

In deciding motions for transfer under 28 U.S.C. § 1407, the Panel has considered principles of judicial comity. *See In re Prof'l Hockey Antitrust Litig.*, 352 F.Supp. 1405, 1406 (J.P.M.L. 1973). The Panel there noted that:

> on principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts ... to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the panel.

*Id.* at 1406. (citing *In re Multidistrict Private Civil Treble Damage Litig.*, 298 F. Supp. 484, 496 (J.P.M.L. 1968)). In furtherance of this policy, the Panel has declined to transfer actions when motions are pending in the transferor courts. *See In re Res. Expl., Sec. Litig.*, 483 F. Supp. 817, 822 (J.P.M.L. 1980); *see also In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, 2020 U.S.

Dist. LEXIS 22017, at *3-4 (J.P.M.L. Feb. 5, 2020); *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL No. 1720, 2016 U.S. Dist. LEXIS 150457, at *1-2 (J.P.M.L. Oct. 3, 2016). The Panel's policy of comity supports vacating CTO-1 here. The transfer of this action to the Southern District of Florida before there is a ruling on Plaintiff's motion to remand in the Central District of California would be abrupt and untimely because the remand motion has been taken under submission by the court. The Panel should vacate CTO-1 as to *Thompson* to avoid unnecessary duplication of efforts by the Central District of California and the Southern District of Florida (and the parties).

In considering transfer and a pending motion to remand, courts have noted that:

> Many courts have concluded that motions to remand should always, or usually, be resolved prior to transfer. The Court need not go so far, but it does accept the proposition that "[a] court should first give preliminary scrutiny to the merits of the motion to remand" and that, "if this preliminary assessment suggests that removal was improper, the court should promptly complete its consideration and remand the case to state court."

*Moton v. Bayer Corp.*, No. 05-0310-WS-M, 2005 U.S. Dist. LEXIS 38681, at *5 (S.D. Ala. July 8, 2005) (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)). "'The best course is to decide the motion to remand because judicial economy will be best served by addressing the remand issue as it will facilitate litigation in the appropriate forum.'" *T.F. v. Pfizer, Inc.*, No. 4:12CV1221 CDP, 2012 U.S. Dist. LEXIS 101859, at *4 (E.D. Mo. July 23, 2012) (quoting *Kohl v. American Home Prods. Corp.*, 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999) (internal citation and quotation marks omitted)).

Here, comity and judicial economy will be best served by addressing the remand issue before transfer as it will facilitate litigation in the proper forum. Should Plaintiff's claims be transferred to the Southern District of Florida at this juncture, the parties would be burdened with the expense and inconvenience of filing and presenting a motion to remand that is currently under submission in the Central District of California, and a ruling on threshold jurisdictional issues would be delayed. Indeed, the MDL Court overseeing these actions in the Southern District of Florida has vacated all pending motions for cases now pending before it, proving the

point that transfer of *Thompson* at this juncture would not result in any efficiencies and would, in fact, have the opposite effect. Pretrial Order #1 ¶ 6, *In re January 2021 Short Squeeze Trading Litigation*, MDL No. 2989, No. 1:21-md-02989-CMA (S.D. Fla. April 7, 2021), ECF No. 46 (denying without prejudice "all motions pending at the time of transfer"). Consequently, convenience and efficiency favor retention of this case in the Central District of California until Plaintiff's meritorious remand motion is decided.

In *Stephens v. McKesson (In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.)*, MDL No. 2226, 2014 U.S. Dist. LEXIS 20635, at *1-*2 (J.P.M.L. Feb. 14, 2014), plaintiffs, as here, moved the panel for an order to vacate a conditional transfer order transferring the action to a pending MDL with other cases that share common questions of fact. The plaintiffs in *Stevens* argued that "the action [was] not appropriate for inclusion into the MDL because, *inter alia*, (1) the action was improperly removed and . . . [did] not belong in federal court; (2) a motion to remand to state court [was] pending; and (3) transfer would not promote the just and efficient conduct of [the] action…" *Id.* Upon considering the argument of counsel, the Panel vacated the conditional transfer order, finding that "transfer under these particular circumstances would not promote the just and efficient conduct of [the] litigation or of [the] action." *Id.* at *2.

Similarly here, the Panel should find that transfer of this action would not promote the aims of 28 U.S.C. § 1407 to promote the just and efficient conduct of actions. *See* 28 U.S.C. § 1407(a). Vacating CTO-1 and allowing the Central District to maintain the action while the remand motion is under submission and pending would allow the courts and the parties to reap the benefits of their expended resources and permit a more efficient resolution of the jurisdictional issues at bar.

For these reasons, Plaintiff's Motion should be granted, and the Panel should issue an order vacating CTO-1.

### III. CONCLUSION

Plaintiff respectfully requests that the Panel vacate CTO-1 as to *Thompson* to allow the Honorable Virginia A. Phillips of the United States District Court for the Central District of

California to decide Plaintiff's fully-briefed motion to remand, which the court has taken under submission and is now awaiting ruling. Transfer of this action to the Southern District of Florida for inclusion in *In re January 2021 Short Squeeze Trading Litigation*, MDL No. 2989, will not promote the efficiency of this litigation, nor will it address what should be addressed first: the lack of federal subject-matter jurisdiction over this action.

DATED: April 26, 2021         Respectfully submitted,

**KIESEL LAW LLP**

By:    */s/ Jeffrey A. Koncius*
         Jeffrey A. Koncius

Paul R. Kiesel, State Bar No. 119854
 *kiesel@kiesel.law*
Jeffrey A. Koncius, State Bar No. 189803
 *koncius@kiesel.law*
Cherisse H. Cleofe, State Bar No. 290152
 *cleofe@kiesel.law*
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, California 90211-2910
Tel:    310-854-4444
Fax:   310-854-0812

Richard C. Dalton, State Bar No. 268598
 *rick@rickdaltonlaw.com*
**RICHARD C. DALTON, LLC**
P.O. Box 358
Carencro, Louisiana 70520
Tel:    337-371-0375

David S. Markun, State Bar No. 150579
 *dmarkun@mzclaw.com*
**MARKUN ZUSMAN FRENIERE COMPTON LLP**
17383 West Sunset Blvd., Suite A380
Pacific Palisades, California 90272
Tel: 310-454-5900
Fax: 310-454-5970

Edward S. Zusman, State Bar No. 154366
 *ezusman@mzclaw.com*
**MARKUN ZUSMAN FRENIERE COMPTON LLP**
465 California Street, Suite 401
San Francisco, California 94104
Tel: 415-438-4515
Fax: 415-434-4505

Attorneys for Plaintiff TAYLOR THOMPSON, on behalf of himself and all other California residents similarly situated