**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:<br><br>JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION<br><br>This Document Relates to:<br>*Taylor Thompson v. Robinhood Financial LLC*,<br>C.D. Cal., 2:21-cv-02230-VAP-MRW | **MDL NO. 2989** |

## ROBINHOOD FINANCIAL LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 1 (CTO-1) AS TO *THOMPSON*

Robinhood Financial LLC ("Robinhood") respectfully submits this memorandum in opposition to Plaintiff's Motion to Vacate Conditional Transfer Order No. 1 (CTO-1) as to *Thompson* (Dkt. No. 290) with respect to the action *Thompson v. Robinhood Financial LLC*, 2:21-cv-02230-VAP-MRW (C.D. Cal.) (the "*Thompson* action").

## INTRODUCTION

The *Thompson* action should be transferred to the *January 2021 Short Squeeze Trading Litigation* MDL (the "Short Squeeze MDL"). This Panel has already determined that dozens of actions arising out of the same factual circumstances as the *Thompson* action meet the two threshold requirements for transfer under Section 1407(a). Although Plaintiff concedes that the *Thompson* action involves common questions of fact with the other actions transferred to the Short Squeeze MDL, he asserts that judicial economy will not be served if the transferee court, rather than the transferor court, resolves his pending motion to remand. Plaintiff's position is not supported by the law or facts.

This Panel has repeatedly held that jurisdictional questions do not present an impediment to transfer, as the transferee court is empowered to decide issues concerning jurisdiction, including motions to remand.  Moreover, Plaintiff's pending remand motion actually weighs in favor of transfer.  This Panel has consistently informed transferor courts that a *transferee* court should rule on a pending motion to remand where, as here, the motion raises questions likely to arise in other actions in the transferee court.  Resolution of Plaintiff's motion to remand will require the court to address a core legal issue that is certain to arise in the Short Squeeze MDL—whether Plaintiff's state common law and consumer protection claims, and the analogous claims consolidated before the transferee court, are precluded by the Securities Litigation Uniform Standards Act ("SLUSA").  That is because the SLUSA issues are not only relevant to the remand issues presented in *Thompson*, but also to SLUSA preclusion issues that will be raised in forthcoming motions to dismiss that Robinhood expects to file in the Short Squeeze MDL.  Because the criteria for transfer are satisfied, and a pending motion to remand does not affect whether transfer is appropriate under Section 1407(a), the Panel should deny Plaintiff's motion and transfer the *Thompson* action to the Short Squeeze MDL.

## **BACKGROUND**

On February 8, 2021, Plaintiff Taylor Thompson filed a putative class action complaint in the Superior Court of the State of California, County of Los Angeles (the "Complaint") (*Thompson* Dkt. No. 1-1).  Plaintiff's claims arise out of the same factual circumstances as 57 other complaints filed against Robinhood—namely, Robinhood Securities, LLC's decision to temporarily limit customer purchases of certain securities amidst unprecedented market volatility.  Plaintiff asserts six state law claims arising from the decision to impose limited stock purchase restrictions on certain securities, all of which are asserted by numerous other plaintiffs whose actions have been transferred to the Short Squeeze MDL:

2

(1) breach of the implied covenant of good faith and fair dealing; (2) breach of fiduciary duty; (3) violation of the California Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750, *et seq.*); (4) violation of the California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200, *et seq.*); (5) violation of the California False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500, *et seq.*); and (6) negligence.  (*See Thompson* Dkt. No. 1-1, Compl. ¶¶ 46-95.)  Because these claims fall within the ambit of SLUSA, Robinhood removed the action to the district court of the Central District of California on March 11, 2021, where it was assigned to Judge Virginia Phillips.

On March 11, 2021, Robinhood identified this case as a potential tag-along action to the Short Squeeze MDL.  On April 1, 2021, finding that the actions "involve common questions of fact, and [] centralization in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation" (Dkt. No. 272), this Panel centralized the *In re January 2021 Short Squeeze Trading Litigation* actions (the "Transferred Cases") before Judge Cecilia Altonaga in the Southern District of Florida (*id.*).  The following day, this Panel entered CTO-1, which conditionally transferred the *Thompson* action to the Short Squeeze MDL.  (Dkt. No. 277.)

On March 22, 2021, Plaintiff filed a motion to remand his action to state court in the Central District of California.  (*Thompson* Dkt. No. 24.)  Following briefing by the parties, on April 20, 2021, Judge Phillips took Plaintiff's motion to remand under submission. (*Thompson* Dkt. No. 34.)

## ARGUMENT

**I.     THE PANEL'S DETERMINATION THAT THE *THOMPSON* ACTION SHOULD BE TRANSFERRED TO THE SHORT SQUEEZE MDL WAS CORRECT.**

This Panel has already determined that the Transferred Cases meet both prerequisites for transfer under 28 U.S.C. § 1407(a) because those actions (1) involve common questions of fact and (2) will promote the just and efficient conduct of this litigation.  (Dkt. No. 272; Dkt. No. 277.)  Consistent with this Panel's Conditional Transfer Order, the *Thompson* action is no exception, and therefore it should be transferred to the Short Squeeze MDL.

*First*, Plaintiff concedes that the *Thompson* action involves the same factual circumstances as the Transferred Cases.  (*See* Br. at 9 (stating that *In re Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, MDL No. 2226, 939 F. Supp. 2d 1376 (J.P.M.L. 2013) is similar to the *Thompson* action, as plaintiffs in that case "moved the panel for an order to vacate a conditional transfer order transferring the action to a pending MDL with other cases that share common questions of fact").)[1]  Both the *Thompson* action and the Transferred Cases arise out of the trading restrictions first imposed by Robinhood on January 28, 2021, *compare Thompson* Compl. ¶¶ 2, 19-20 *with* J.P.M.L. Transfer Order at 2, as indicated in this Panel's Conditional Transfer Order.  (Dkt. No. 277 (stating that this action "involve[s] questions of fact that are common to the actions previously transferred to the Southern District of Florida and assigned to Judge Altonaga").)

*Second*, the transfer of the *Thompson* action will further Section 1407(a)'s objective to "promote the just and efficient conduct of such actions" by eliminating duplicative motion practice and discovery.  28 U.S.C. § 1407(a); *see In re H & R Block Mortg. Corp.*

---

[1] Citations to "Br." refer to the Brief In Support of Plaintiff's Motion to Vacate Conditional Transfer Order No. 1 (CTO-1).  (Dkt. No. 290-1.)

4

*Prescreening Litig.*, 435 F. Supp. 2d 1347, 1348 (J.P.M.L. 2006).  Plaintiff's sole basis for objecting to transfer is his pending motion to remand.  (Br. at 7-9.)  As discussed further below, however, Plaintiff's motion to remand will require the court to address a core issue that also affects many other plaintiffs in the Short Squeeze MDL—whether SLUSA precludes Plaintiff's state common law and consumer protection claims.  Contrary to Plaintiff's assertion, courts have routinely found that transferring an action with a pending motion to remand involving issues common to other transferred cases is essential to promote judicial economy.  *See City of New Castle v. Purdue Pharma L.P.*, No. CV 18-1472, 2018 WL 3438841, at *3 (E.D. Pa. July 16, 2018) (deferring ruling on a motion to remand to the transferee court because it would "promote judicial efficiency and consistency in decision making, especially since Plaintiffs' Motion to Remand raises issues likely to arise in other cases pending in the [] transferee court"); *Gerhardt v. Medtronic*, No. CIV.A H-09-1159, 2009 WL 6824494, at *1 (S.D. Tex. June 11, 2009) (finding that where "the pending motion to remand involves issues common to cases that have been or likely will be transferred to the MDL transferee court . . . judicial economy would be served by staying this case and leaving the decision on the motion to remand to the transferee court").

The only purported inefficiency that Plaintiff identifies is that the transferee court has denied without prejudice all motions that were pending in the transferor courts at the time the Transferred Cases were transferred to the Short Squeeze MDL, and therefore he contends that a ruling on his motion will be delayed.  (*See* Br. at 8.)  Notwithstanding the fact that Plaintiff and Robinhood can simply resubmit their fully briefed motion papers with the transferee court, any potential delay does not present a valid reason to vacate the Conditional Transfer Order, particularly in light of the significant benefits to judicial economy and consistency that will be

realized by the transferee court ruling on an issue common to many plaintiffs in the Short

Squeeze MDL.  *See Nekritz v. Canary Cap. Partners, LLC*, No. CIV. 03-5081 (DRD), 2004 WL

1462035, at *4 (D.N.J. Jan. 12, 2004) (concluding that "judicial economy will be best served by

leaving the [SLUSA] remand motion to the transferee court" where "there is a considerable

likelihood that a transferee court will have to address [similar] jurisdictional issues" and "any

prejudice to the Plaintiff from a relatively brief delay in pursuing his claims will be minimal").

Further, Plaintiff's assertion that the remand ruling will purportedly be issued "soon" (Br. at 1) is

pure speculation.  Judge Phillips has not indicated to the parties that she intends to rule on

Plaintiff's motion by any particular date.

      Because the two prerequisites to Section 1407(a) transfer are satisfied, the Panel

should proceed with transferring Plaintiff's action to the Short Squeeze MDL.

## II.    THE PENDING REMAND MOTION WEIGHS IN FAVOR OF TRANSFER RATHER THAN AGAINST IT.

      As stated above, Plaintiff is contesting transfer to the Short Squeeze MDL solely

because there is a motion to remand pending before the transferor court in the Central District of

California.  To the extent that Plaintiff's pending remand motion factors into the Panel's transfer

analysis—and it should not—it actually weighs in favor of transfer.[2]  (Br. at 1, 7.)

      It is well-settled that jurisdictional questions do not present an impediment to

transfer because the transferee court is empowered to decide issues concerning jurisdiction.  *See*

*In re C.R. Bard, Inc.*, 2015 WL 1641343, at *1 (the Panel often has held that "jurisdictional

issues do not present an impediment to transfer, as plaintiffs can present these arguments to the

transferee judge"); *In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d

---

[2] Robinhood disputes that removal of Plaintiff's action was improper and that his case will
be remanded to state court.

1363, 1365 (J.P.M.L. 2005) ("[A]ny motions to remand to state court, if not resolved prior to transfer, may be presented to and decided by the transferee judge."); *In re Enron Corp. Sec., Derivative & "ERISA" Litig*., 227 F. Supp. 2d 1389, 1391 (J.P.M.L. 2002) ("To those parties who urge the Panel not to order transfer before their remand or jurisdictional motions are resolved by their transferor court, we note that remand and other motions, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge.").  By contrast, to the extent that Plaintiff is arguing that this Panel should consider the merits of his motion to remand in deciding whether to transfer this action (*see* Br. at 6-7), Plaintiff misunderstands the scope of this Panel's review in deciding whether transfer is appropriate.  Section 1407 does not "empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand."  *In re Eliquis (Apixaban) Prod. Liab. Litig.,* MDL No. 2754, 2017 WL 6569794, at *1 (J.P.M.L. May 30, 2017) (internal citations omitted).

This Panel has repeatedly held that where the Section 1407(a) factors are satisfied, a pending motion to remand is not a valid reason to deny or delay transfer.  For example, in *In re Genetically Modified Rice Litigation*, the plaintiffs argued that the J.P.M.L. should vacate its conditional transfer order because they had a motion to remand pending before the transferor court.  (*See* Plaintiffs' Motion to Vacate Conditional Transfer Order and Incorporated Brief in Support at 2-3, *In re Genetically Modified Rice Litig.,* MDL No. 1811 (J.P.M.L. 2011) (Dkt. No. 227)).  The Panel denied the plaintiffs' motion, concluding that, "[a]s [the Panel has] often held, the pendency of a motion to remand generally is not a good reason to deny or delay transfer."  No. 2:11-CV-00033, 2011 WL 7143470, at *1 (J.P.M.L. May 19, 2011).  Similarly, in *In re Prudential Insurance Co. of Am. Sales Practices Litigation*, the plaintiff

argued that the J.P.M.L.'s conditional transfer order prevented the transferor court's ability to review whether the action was properly removed.  170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001). Again, the Panel determined that there was "no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion." *Id.*; *see also In Re: Facebook, Inc., Consumer Privacy User Profile Litig.*, MDL No. 2843 at 2 (J.P.M.L. 2018) (Dkt. No. 165) ("We will not delay a ruling on the motion to vacate to allow the transferor judge to rule on the pending motion for remand."); *In re Darvocet*, 939 F. Supp. 2d at 1378-79 (concluding that a pending motion to remand did "not present an impediment to transfer, as plaintiffs can present such arguments to the transferee judge"); *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456, 237 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002) ("We note that the pending motion to remand [] to state court can be presented to and decided by the transferee judge.").  The Section 1407(a) requirements for transfer are satisfied here, and Plaintiff has not identified any reason to justify deviating from this well-settled practice.

This Panel has routinely advised transferor courts that it is "especially appropriate" to permit the transferee court to decide any pending motions to remand "if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there."  (Ltr. from Wm. Terrell Hodges, Chairman, J.P.M.L. to Judges of the Middle District of Alabama (Jan. 20, 2006), Orsini Decl. Ex. 1[3]); *Nielsen v. Merck & Co.*, No. C07-00076 MJJ, 2007 WL 806510, at *2 (N.D. Cal. Mar. 15, 2007) (stating that the Panel informed transferor court that it would be "especially appropriate" for court to "wait until the Panel has decided the transfer issue . . . if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity,

---

[3] "Orsini Decl." refers to the Declaration of Kevin J. Orsini dated May 17, 2021.

might best be decided there if the Panel orders centralization"); *Franklin v. Merck & Co.*, No. 06-cv-02164-WYD-BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (same); *see also Hess v. Volkswagen Grp. of Am., Inc.*, No. 2:16-CV-00668-KOB, 2016 WL 3483166, at *5 (N.D. Ala. June 27, 2016) ("Where jurisdictional issues are common to other cases already pending before the MDL, [] those common issues should be decided by the transferee court overseeing the related cases[;] the decision by the transferee court would provide consistency and promote judicial economy."); *Nekritz*, 2004 WL 1462035, at *2 (denying motion to remand and staying proceedings pending decision on transfer by the Panel, reasoning that the transferee court should decide the motion to remand because "it appears highly probabl[e] that the application of SLUSA to claims arising from such schemes will be at issue in other cases" in the MDL).

   The core question in the pending motion to remand is whether Plaintiff's state common law and consumer protection claims are precluded by SLUSA, which bars covered class actions asserting state law claims alleging misrepresentations, omissions or deceptive practices in connection with the purchase or sale of covered securities from proceeding in state court. *See* 15 U.S.C. § 77p.[4] More than 40 of the Transferred Cases include state common law and consumer protection claims alleging deceptive conduct in connection with the purchase or sale of covered securities. Robinhood intends to move to dismiss those claims because, like Plaintiff's claims, they are precluded by SLUSA. Under such circumstances, transfer of Plaintiff's action and the

---

[4] SLUSA precludes (1) covered class actions, (2) involving covered securities, (3) asserting state common law and consumer protection claims, (4) alleging misrepresentations, omissions or deceptive or manipulative conduct, (5) in connection with the purchase or sale of securities from proceeding in state court. *See* 15 U.S.C. § 77p(b). The same five-factor SLUSA preclusion analysis applies regardless of whether the application of SLUSA is analyzed in a motion to remand or a motion to dismiss. *See Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 637 (2006).

transferee court's consideration of Plaintiff's motion to remand are essential to eliminate the risk of inconsistent rulings on the applicability of SLUSA preclusion.  (*See, e.g.*, Orsini Decl. Ex. 1); *Nekritz*, 2004 WL 1462035, at *2.

The cases Plaintiff cites are inapposite.  (*See* Br. 7-9.)  Plaintiff relies on *In re National Prescription Opiate Litigation*, MDL No. 2804, 2020 WL 582151 (J.P.M.L. Feb. 5, 2020) and *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, MDL No. 1720, 2016 U.S. Dist. LEXIS 150457 (J.P.M.L. Oct. 3, 2016), but in both cases, the Panel vacated the conditional transfer orders because the transferor courts had already granted the plaintiffs' motions to remand.  *In re Nat'l Prescription*, 2020 WL 582151 at *1; *In re Payment Card*, 2016 U.S. Dist. LEXIS 150457 at *1.  Here, Plaintiff's motion to remand remains pending.  And in *Stephens v. McKesson (In re Darvocet, Darvon Propoxyphene Prod. Liab. Litig.)*, MDL No. 2226, 2014 U.S. Dist. LEXIS 20635, at *1-2 (J.P.M.L. Feb. 14, 2014), the Panel declined to transfer an action while a remand motion was pending because the parties agreed transfer was not appropriate.  (*See* Br. at 9 (discussing *id.*)).  No such agreement exists here.

Finally, Plaintiff attempts to rely on *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975) for the proposition that transfer cannot occur if the district court does not have subject matter jurisdiction.  (Br. at 5.)  But this case is entirely inapplicable.  *BancOhio* concerned alleged violations of Section 27 of the Securities Exchange Act of 1934, which provides for exclusive federal court jurisdiction.  *See* 15 U.S.C. § 78aa; *BancOhio*, 516 F.2d at 31.  After the district court ruled that removal was proper because the federal court had exclusive jurisdiction over the petitioners' claims, the petitioners filed a writ of mandamus in the Sixth Circuit seeking dismissal of the action for lack of subject matter jurisdiction.  *BancOhio*, 516 F.2d at 30-31.  The J.P.M.L. had previously issued a conditional transfer order transferring the underlying action,

and petitioners moved to vacate the conditional transfer order in light of the writ of mandamus. *Id.* at 31.  Upon notice of the writ of mandamus, the Panel stayed its decision on the petitioners' motion to vacate the conditional transfer order pending the Sixth Circuit's decision.  *Id.*  The Sixth Circuit held that because federal jurisdiction was derivative in removal proceedings—and the state court never had subject matter jurisdiction in the first instance—removal was improper. *Id.* at 33.

The *BancOhio* decision does not have any relevance to whether transfer of the *Thompson* action is appropriate.  *First*, unlike the Securities Exchange Act claims in *BancOhio*, SLUSA does not create exclusive federal jurisdiction, but rather bars plaintiffs from bringing covered class actions in connection with the purchase or sale of securities in state court.  *See* 15 U.S.C. § 78bb(f)(1)(A).  *Second*, the doctrine of derivative jurisdiction upon which the *BancOhio* decision rests has long since been abrogated by the general removal statute.  *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the [s]tate court from which such civil action is removed did not have jurisdiction over that claim."); *Barrett v. United States Postal Serv.*, No. 20-60156-CV, 2020 WL 2764265, at *2 n.3 (S.D. Fla. Feb. 10, 2020) ("In 1986, Congress abrogated the doctrine of derivative jurisdiction as it applies to 28 U.S.C. § 1441.").  Had *BancOhio* been decided today, the mandamus petition would have been patently meritless and the Panel likely would not have stayed the conditional transfer order.

Plaintiff has not identified any relevant authority to support his contention that the pending motion to remand precludes transfer of this action[5], nor is Robinhood aware of any. Accordingly, the *Thompson* action should be transferred to the Short Squeeze MDL.

## **CONCLUSION**

For the foregoing reasons, Robinhood respectfully requests that the Panel finalize the transfer order and include the *Thompson* action in the Short Squeeze MDL.

Dated: May 17, 2021

Respectfully Submitted,

CRAVATH, SWAINE & MOORE LLP

By: /s/ Kevin J. Orsini
Kevin J. Orsini
New York Bar No. 4261806
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel:    (212) 474-1000
Fax:    (212) 474-3700
korsini@cravath.com

*Attorneys for Defendant Robinhood Financial LLC*

---

[5] Plaintiff also cites *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 175 F. Supp. 2d 593 (S.D.N.Y. 2001) and *Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000) for this proposition.  (Br. at 5.)  In finding that transfer of a case pursuant to Section 1407 cannot be made unless the transferee court has subject matter jurisdiction, however, both *Sherwood* and *In re Methyl Tertiary Butyl Ether Prods.* rely expressly on the Sixth Circuit's decision in *BancOhio*.  *See Sherwood*, 91 F. Supp. 2d at 1199; *In re Methyl Tertiary Butyl Ether Prods.*, 175 F. Supp. 2d at 603 n.9.  For the reasons stated above, these decisions are therefore likewise inapplicable.